```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/22/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TEREL OVERTON,
               Petitioner,     :   07 Civ. 4599 (LAP)(THK)

                        :   **ORDER**

      -against-       :
                        :   PRO SE

DARWIN LACLAIR,

               Respondent.    :
------------------------------------X

**THEODORE H. KATZ, United States Magistrate Judge.**

Terel Overton ("Petitioner") filed this habeas corpus proceeding on May 31, 2007. On July 17, 2007, the Court received Petitioner's request to stay this action in order to permit Petitioner to return to the New York State courts to exhaust his claims. The Court granted Petitioner's request on August 1, 2007.

Nearly a year later, on June 11, 2008, Petitioner requested an extension of the stay so that he may exhaust his claims, which, despite having had a year to do, he still has not yet commenced. In response, the Court issued an Order on June 16, 2008, requiring Petitioner to file a motion to amend his Petition, and submit a Proposed Amended Petition, detailing not only the exhausted and unexhausted claims, but also explaining why the claims have not yet been exhausted in state court.

Thereafter, the Court received another letter from Petitioner, on July 11, 2008, which included an affirmation by Miguel Vasquez

1

and an "Amendment to the Petition." The Court will construe this document as Petitioner's Proposed Amended Petition.

## PROPOSED AMENDED PETITION

Within the Proposed Amended Petition, Petitioner includes a new claim, ineffective assistance of appellate counsel, in addition to the claims previously raised in his original Petition. Based upon the discernible record, the Court assumes that the ineffective assistance of appellate counsel claim is the claim yet to be exhausted.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") requires that petitions for writs of habeas corpus challenging state court convictions be filed within a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). The one-year period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id.; accord Acosta v. Artuz, 221 F.3d 117, 119 (2d Cir. 2000); Geraci v. Senkowski, 211 F.3d 6, 8 (2d Cir. 2000). In New York, a judgment of conviction becomes final for these purposes ninety days after the date on which the Court of Appeals denies leave to appeal -- that is, at the conclusion of the period during which a petitioner could have sought certiorari in the United States Supreme Court, and has failed to do so. See Valverde v. Stinson, 244 F.3d 129, 132 (2d Cir. 2000); Acosta, 221 F.3d at 120; Ross v. Artuz, 150 F.3d 97, 98 (2d Cir. 1998).

Petitioner's conviction became final on July 7, 2006. See People v. Overton, 6 N.Y.3d 851 (2006). His initial Petition was filed approximately eleven months later. Petitioner attempts to assert his new claim, ineffective assistance of appellate counsel, two years after his conviction became final.

Since the claim was not filed within the one-year statutory limit in AEDPA, this Court must decide whether the claim relates back to the claims in the original Petition. The Supreme Court set the standard for that determination in Mayle v. Felix: "An amended habeas petition does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading." 545 U.S. 644, 645, 125 S.Ct. 2562, 2563 (2006).

In the instant case, Petitioner's new claim does not share any pertinent facts with the claims in his original Petition, which include: (1) denial of the due process right to confer with counsel in preparation to testify; (2) denial of the constitutional right to be present at a material stage of his trial; and (3) ineffective assistance of trial counsel. The facts Plaintiff introduces in support of his original claims all come from his trial; the facts supporting his new claim, ineffective assistance of appellate counsel, naturally arise out of his appeal. Thus, Petitioner's new claim does not relate back to the original claims. Consequently, the new claim is time-barred under AEDPA. It should also be noted

that Petitioner had a year to exhaust his claim in state court, which would have tolled the one-year statute of limitations.[1] See 28 U.S.C. § 2244(d)(2). He failed to do so.

Since the new claim is time-barred, the application to file the Proposed Amended Petition is denied. Therefore, the stay relating to Petitioner's initial Petition is hereby lifted.

An Order will be issued for service of the original Petition and a schedule for briefing the merits of the Petition.

**SO ORDERED.**

---

[1] AEDPA's one-year statute of limitations is intended to "reduce delays in the execution of state and federal criminal sentences," Woodford v. Garceau, 538 U.S. 202, 206, 123 S. Ct. 1398, 1401 (2003), and "quite plainly serves the well-recognized interest in the finality of state court judgments," by "reduc[ing] the potential for delay on the road to finality." Duncan v. Walker, 533 U.S. 167, 179, 121 S. Ct. 2120, 2128 (2001). Therefore, the United States Supreme Court recently cautioned that:

> [s]tay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 1534 (2005). A stay of a habeas proceeding should be granted only in limited circumstances, when "there [is] good cause for the petitioner's failure to exhaust his claims first in state court, ... [the] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278, 125 S. Ct. at 1535.

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE


Dated: July 22, 2008
       New York, New York


Copies sent to:

Terel Overton
03-A-2498
Great Meadow Correctional Facility
P.O. Box 51
Comstock, NY 12953